**UNITED STATES of America ex rel. Seymour BUXBOM, Plaintiff-Appellee,**

**v.**

**NAEGELE OUTDOOR ADVERTISING COMPANY OF CALIFORNIA, INC., a California corporation, Defendant-Appellant.**

**No. 83–6020.**

United States Court of Appeals, Ninth Circuit.

Argued Feb. 8, 1984.

Submitted May 2, 1984.

Decided Aug. 3, 1984.

Sprague Wheeler, Maxwell, Wright & Wheeler, Pasadena, Cal., Blake Andrew Watson, Dept. of Justice, Washington, D.C., for plaintiff-appellee.

Richard Cross, Best, Best & Krieger, Riverside, Cal., Barbara E. Karshmer, Frampton, Karshmer & Kesselman, Fresno, Cal., for defendant-appellant.

Before BROWNING, GOODWIN, and KENNEDY, Circuit Judges.

KENNEDY, Circuit Judge:

Naegele appeals from summary judgment granted to Buxbom on a claim under 25 U.S.C. § 81 (1982). Because of recent action taken by the Bureau of Indian Affairs, we now reverse with instructions to enter judgment against Buxbom and to dismiss the action.

In March of 1978, the Morongo Band of Indians and Naegele Outdoor Advertising Company entered into a ten-year agency agreement under which Naegele would construct and maintain billboards on a portion of the Morongo reservation. The Band paid Naegele $60,000 to be used for the construction of the billboards; Naegele paid the Band $60,000 for the privilege of being the Band's agent and an additional $250,000, representing advance payment of ten annual fees of $25,000 each. The agreement had not been approved by the Bureau of Indian Affairs before these payments, and Buxbom brought suit against Naegele under the *qui tam* provision of 25 U.S.C. § 81. Buxbom sought a declaration

that the agreement was void for failure to secure the BIA's approval and that pursuant to 25 U.S.C. § 81, the $60,000 received by Naegele from the Band should be forfeited, with Buxbom taking half and the United States taking the other half.

The agreement between the Band and Naegele was submitted to the Bureau of Indian Affairs in late 1983, after Naegele had filed their notice of appeal from the summary judgment. On February 3, 1984, just prior to oral argument, the BIA approved the agreement retroactive to 1978 under 25 U.S.C. § 415 (1982).

Buxbom admits that the BIA has the power to approve the agreement retroactively and that the approval precludes a judgment in this case that the agreement between the Band and Naegele is void. *See Indian Contracts—Approval Of,* 15 Op.Att'y.Gen. 585, 590 (1876). *Cf. Lykins v. McGrath,* 184 U.S. 169, 171–73, 22 S.Ct. 450, 451–452, 46 L.Ed. 485 (1902) (upholding retroactive approval by the Secretary of conveyance of interest in land under the predecessor of 25 U.S.C. § 415); *Lomax v. Pickering,* 173 U.S. 26, 31–32, 19 S.Ct. 416, 418–419, 43 L.Ed. 601 (1899) (same); *Pickering v. Lomax,* 145 U.S. 310, 315, 12 S.Ct. 860, 862, 36 L.Ed. 716 (1892) (same); *Wishkeno v. Deputy Assistant Secretary-Indian Affairs (Operations),* 11 I.B.I.A. 21, 28–32 (Interior Bd.Indian App.1982) (same). Buxbom nonetheless presses the suit to recover half of the $60,000 forfeiture.

We conclude that the BIA's retroactive approval of the agreement deprives Buxbom of an action under section 81. Buxbom argues that its rights under section 81 vested in 1978 when the $60,000 consideration passed from the Band to Naegele. But section 81 provides that "[n]o agreement shall be made .... unless .... [i]t shall bear the approval of the Secretary;" it does not provide that "no consideration shall be paid prior to approval by the Secretary." Thus, section 81's statutory penalty attaches only if the agreement at issue was made without BIA approval. Since the BIA's recent approval of the agreement is effective *nunc pro tunc,* Buxbom's claim that the agreement violates section 81 must fail.

This result does not run afoul of due process restrictions on the power of courts or administrative agencies to forgive statutory penalties. *See St. Regis Paper Co. v. United States,* 368 U.S. 208, 82 S.Ct. 289, 7 L.Ed.2d 240 (1961). The general principle ennunciated in *St. Regis* does not displace the more specific rule approved by the Supreme Court that the BIA may retroactively approve agreements between Indians and non-Indians. *Lykins,* 184 U.S. at 171–73, 22 S.Ct. at 451–452.

In light of our disposition, we do not consider whether the agreement between the Band and Naegele is a lease subject to section 415 or a contract subject to section 81. The effect of the BIA's approval is the same in either event.

REVERSED and REMANDED.